**Pedro LARA; Evalia Flores, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71309.**

**Agency No. A76–846–694.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James R. Grimes, Margaret Perry, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Pedro Lara and his wife Evalia Flores, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order declining to accept their untimely applications for cancellation of removal. We have jurisdic-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

tion pursuant to 8 U.S.C. § 1252 and we deny the petition.

The petitioners' contention that the BIA's streamlining procedures violate due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

The IJ permissibly deemed the cancellation of removal applications waived because the petitioners did not file them by the IJ's deadline. *See* 8 C.F.R. § 3.31(c) (2003) (indicating that if an application is not filed within the time limit set by an IJ, the opportunity to file the application is waived). Because the IJ's interpretation of the applicable provision is not plainly erroneous, we must give it effect. *See United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977).

**PETITION FOR REVIEW DENIED.**